[relates to Docket Item # 22]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AUDREY OSWELL, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil No. 06-5814 (JBS) |
| MORGAN STANLEY DEAN WITTER & CO., INC., <u>et al</u>., | |
| | <u>**OPINION**</u> |
| Defendants. | |

APPEARANCES:

Charles A. Ercole, Esq.
Lynn A. Collins, Esq.
KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS, LLP
457 Haddonfield Road, Suite 510
Cherry Hill, NJ 08002-6603
    Attorneys for Plaintiff Audrey Oswell

A. Ross Pearlson, Esq.
Jennifer Maria Rosa, Esq.
SILLS, CUMMIS, EPSTEIN & GROSS, P.C.
One Riverfront Plaza
Newark, NJ 07102
    Attorneys for Defendants Morgan Stanley and Venture
    Holdings, Inc.

**SIMANDLE, District Judge:**

This matter is before the Court upon the motion of Defendant Morgan Stanley Dean Witter and Venture Holdings, Inc. ("Defendant") to disqualify counsel for Plaintiff Audrey Oswell ("Oswell") pursuant to New Jersey Rule of Professional Conduct 3.7 ("RPC 3.7"). RPC 3.7 can be used to disqualify an attorney on the grounds that the attorney will be a witness at trial. In this matter, Defendant seeks to disqualify four attorneys from the law firm representing Oswell (Klehr, Harrison, Harvey,

Branzburg & Ellers, LLP) (the "Klehr Law Firm") but not the Klehr Law Firm itself.[1]  Because members of the Klehr Law Firm Charles Ercole, Esq. and Lynn A. Collins, Esq. had a limited participation in earlier conversations surrounding this dispute, and other witnesses may be available to Defendant if it needs to establish the contents of those discussions at trial, Defendant has failed at the present time, to meet its burden of proving that either Ercole and Collins are "likely to be a necessary witness" at trial (as required by RPC 3.7(a)).  Thus, the Court will deny Defendant's motion to disqualify as to Ercole and Collins for the reasons expressed below.

## I.   **BACKGROUND**

This matter involves two consolidated cases.  The first is Oswell v. Morgan Stanley Dean Witter & Co. et al. (Civil No. 06-5814), which arises out of discussions Oswell allegedly participated in with Defendant relating to the purchase of certain property in Atlantic City (the "Property") and the contemplated development of that Property into a casino.  Oswell claims that she entered into a deal with Defendant in which

---

[1]  Defendant does not seek to disqualify the entire Klehr law firm.  In addition, according to counsel for Oswell, attorneys Ira Gubernick and Leonard Klehr are members of the Klehr Law Firm's corporate and transactional practices and will not appear as counsel in this matter.  Accordingly, as counsel for Defendant conceded at oral argument, no issue exists as to Mr. Gubernick and Mr. Klehr, since neither is serving, or will serve, as trial counsel for Oswell.

Defendant would employ her as the chief executive officer of a new casino that she and Defendant would develop on the Property. Oswell claims that (1) Defendant's promise purportedly induced her to resign from her then current employment as chief executive officer of Resorts International, Inc. ("Resorts") and (2) that she provided contacts and information to Morgan Stanley and negotiated the purchase of the Property on Defendant's behalf.

The second action is <u>Resorts Int'l Hotel, Inc. v. Morgan Stanley Dean Witter & Co.</u> (Civil No. 07-105) in which plaintiff Resorts alleges that Defendant induced Oswell, during her tenure as chief executive officer of Resorts, to divert the opportunity to purchase the Property away from Resorts and for Defendant's behalf.  Further, Resorts argues that Defendant induced Oswell to: (1) use her knowledge, experience and contacts in the Atlantic City casino industry to negotiate a purchase price of the Property; (2) resign from Resorts and (3) secure a release from Resorts under false pretenses.  In this action, Defendant brought a third-party complaint against Oswell, asserting claims for indemnification, contribution and fraud (in the event Defendant is held liable to Resorts) arising out of representations Oswell made to Defendant, through her attorneys, that she had presented to Resorts the opportunity to develop the property and that they had rejected it.  Defendant and Oswell ultimately stipulated that the third-party complaint should be

3

dismissed without prejudice on July 17, 2007. [Docket Item No. 31, 36.]

Defendant claims that (1) the conversations between Oswell's attorneys, on the one hand, and Defendant's attorneys, on the other, relating to the legal impediments to the "deal" between Oswell and Morgan Stanley and (2) what, if anything, Oswell told Resorts regarding the opportunity to purchase the Property and what her attorneys told Defendant's counsel regarding these discussions, are highly material to the claims and defenses herein.  Specifically, Defendant claims:

- Oswell's attorneys (Charles Ercole, Lynn Collins, Ira Gubernick and Leonard Klehr) participated in multiple telephone conversations and email exchanges relating to the topics with various attorneys from the law firm of Shefsky & Froelich (the "Shefsky firm") who were acting on behalf of Defendant in connection with the purchase of the Property;

- On February 14 and 16, 2006, Ercole and Collins participated in two half-hour, substantive conference calls with the Shefsky firm where the parties discussed "numerous legal impediments" to the deal arising due to Oswell's then-current employment with Resorts.  (Def.'s Reply at 3.)  According to lawyers at the Shefsky law firm, on February 14, Ercole and Collins (among others) represented that Oswell had advised a high-ranking executive at Resorts about the Property and that Resorts was not interested in purchasing the Property.

- On February 16, 2006, Ercole and Collins participated in a conference call and argued with representatives of the Shefsky firm that Morgan Stanley would not be at risk of a tortious interference action should it move ahead with the deal.

4

Oswell presents a version of events (and the role of Oswell's counsel) that is considerably different than the one presented by Morgan Stanley.  For example:

- According to the affidavit by Lynn Collins, Collins and Ercole participated in one telephone call with attorneys for Defendant, which occurred on February 14, 2006.  The call was "brief" and "only involved a very general and cursory discussion of New Jersey case law. on the issue of tortious interference."  (Pl.'s Opp. Br. at 8.);

- After the call, Collins sent an email to a Shefsky attorney forwarding a few general case cites on New Jersey tortious interference and non-compete agreements under New Jersey law;

- Aside from this exchange, "at no time prior to the filing of the Complaint were either Mr. Ercole or Ms. Collins ever involved in (or witness to) any communications with [Defendant] or its attorneys related to the status of the agreement between [Oswell] and [Defendant], the terms of the agreement, [Oswell's] discussions with Resorts' management . . . ."

(Pl.'s Br. at 9.)

## II.  DISCUSSION

### A.  Legal Standard

A court may disqualify an attorney where it is necessary to enforce the court's disciplinary rules.  See Kaselaan & D'Angelo Assocs., Inc. v. D'Angelo, 144 F.R.D. 235, 243 (D.N.J. 1992); Sherwood Group, Inc. v. Rittereiser, No. 90-2414, 1991 U.S. Dist. LEXIS 7147 (D.N.J. May 20, 1991); see In re Snyder, 472 U.S. 634, 643 (1985)(federal courts have inherent authority to discipline attorneys).  Here, the relevant disciplinary rule is RPC 3.7(a) which states:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

    (1) the testimony relates to an uncontested issue;
    (2) the testimony relates to the nature and value of legal services rendered in the case; or
    (3) disqualification of the lawyer would work substantial hardship on the client.

RPC 3.7; see also Main Events Prods. v. Lacy, 220 F. Supp. 2d 353, 355 (D.N.J. 2002)(RPC 3.7(a) is a prohibition against an attorney-witness acting as an "advocate at trial.")  The purpose of RPC 3.7(a) is "to prevent a situation in which at trial a lawyer acts as an attorney and a witness, creating the danger that the factfinder (particularly if it is a jury) may confuse what is testimony and what is argument . . . ." Main Events Prods., 220 F. Supp. 2d at 357.  An attorney is "likely to be a necessary witness only where he has crucial information in his possession which may be divulged." Garza v. McKelvey, No. 89-895, 1991 U.S. Dist. LEXIS 311, *6 (D.N.J. Jan. 2, 1991).[2]

_____

[2] Under Main Events Prods., Judge Debevoise held that the phrase "acts as advocate at trial" as set in the RPC 3.7, applies only to an attorney's participation at trial before a jury and would not serve to bar an attorney from participating in pre-trial proceedings.  Main Events Prods., 220 F. Supp. 2d at 357 ("In light of the clear language of the Rule, [the attorney] should not have been disqualified from participating in pre-trial matters. This construction of RPC 3.7 not only is in accord with the plain language of the Rule, it also is consistent with its intent.") As discussed in Section III.C., infra, this Court agrees that RPC 3.7 is a prohibition against acting as an advocate at trial, not in pretrial proceedings.  The inherent authority of the Court, or other Rules of Professional Conduct, may serve to bar counsel from pretrial proceedings under circumstances not present here.

Generally speaking, motions to disqualify are viewed with disfavor as disqualification is a remedy with broad implications. See Carlyle Towers Condo. Ass'n v. Crossland Sav., 944 F. Supp. 341, 345 (D.N.J. 1996); Spinello Cos. v. Metra Indus., No. 05-5075, 2006 U.S. Dist. LEXIS 41875 (D.N.J. June 22, 2006).  The party seeking disqualification bears the burden of showing that continued representation by the lawyer would violate the disciplinary rules.  See Kroungold v. Triester, 521 F.2d 763, 766 (3d Cir. 1975).

In addition, the party seeking to disqualify an attorney must do more than simply make representations that a lawyer is a necessary witness for the attorney to be disqualified.  J.G. Ries & Sons, Inc. v. Spectraserv, Inc., 384 N.J. Super. 216, 230 (App. Div. 2006)("Such a mere representation, however, does not satisfy the threshold requirements of RPC 3.7, which specifies a likelihood that a lawyer will be a necessary witness.")  Indeed, the party seeking to disqualify must put forth evidence that establishes the likelihood that the attorney will be a necessary witness at trial and if it is unclear from the record as to whether or not the attorney's testimony is necessary, the motion should be denied.  See Host Marriott Corp. v. Fast Food Operators, Inc., 891 F. Supp. 1002, 1010 (D.N.J. 1995).

**B.**   <u>**Disqualification as Trial Counsel**</u>

Defendant first argues that Ercole and Collins should be disqualified from serving as trial counsel because they are likely to be necessary witnesses in this matter.  According to Defendant, Oswell's counsel have information regarding (1) what, if any, terms were discussed and/or agreed to between Defendant and Oswell relating to the agreement; (2) whether any agreement was in fact entered into between Oswell and Defendant; (3) what Oswell and counsel told Resorts regarding the Property and what Resorts' response was; and (4) what Oswell and/or her counsel told Defendant and the Shefsky firm about what Oswell told Resorts about the Property and Resorts' response.  As an example, Defendant contends that counsel has personal knowledge relating to the drafting and sending of the term sheet to Defendant and the discussions of the term sheet that are directly related to the issue of whether Oswell and Defendant had ever agreed to any terms of a purported contract.

Oswell counters by arguing that, under New Jersey law, an attorney can be excluded under RPC 3.7 only if his or her testimony is shown "to be truly necessary."  (Pl.'s Opp. Br. at 12.)  Oswell argues that, in this matter, neither Ercole or Collins have any relevant or material evidence or testimony that would make them "necessary" witnesses at trial for several reasons.  First, according to Oswell, neither was present during

8

any substantive communications or negotiations between Oswell and
Defendant.  Thus, neither Ercole nor Collins have any knowledge
of either (1) what Oswell's attorneys were told by Defendant's
attorneys related to Oswell's inability to enter into any deal or
(2) what Oswell's attorneys told Defendant's attorneys relating
to Oswell's alleged presentation of the property to Resorts.
Second, according to Oswell, to the extent testimony about the
February 14, 2006 conversation (regarding New Jersey law relating
to tortious interference) between counsel becomes relevant to the
case, Ercole's and Collins' testimony would be entirely
duplicative and cumulative of other testimony or evidence that is
available.  Indeed, Mr. Gubernick (Klehr Harrison's transactional
attorney) or attorneys from the Shefsky law firm are also
available as witnesses to testify regarding the contents of the
February 14, 2006 call.

The Court holds that Defendant has failed meet its burden of
showing that Ercole and Collins are likely to be necessary
witnesses at trial.  Under New Jersey law for purposes of RPC
3.7, a witness is "truly necessary" if there are no documents or
other witnesses that can be used to introduce the relevant
evidence.  See e.g., J.G. Reis & Sons, Inc., 384 N.J. Super. 216
(App. Div. 2006) (denying motion to disqualify under RPC 3.7
where documents could be introduced by the testimony of an
individual who received the letter, rather than the attorney).

Indeed, where knowledge possessed by an attorney is equally possessed by other witnesses, disqualification is not appropriate.  See Spinello Cos., 2006 U.S. Dist. LEXIS 41875 at * 10.  Defendant has not established that evidence relevant to Oswell's conversations with Resorts or the negotiations between Oswell and Defendant rest solely within the possession of Ercole or Collins that would make either of them the only witness, or even the primary witness, available to testify regarding these matters.  Instead, their testimony is likely to be duplicative as counsel for Defendant (John Kennedy from the Shefsky law firm) or Oswell (Gubernick or Klehr) can testify regarding the same facts as Oswell and Collins.  Indeed, Defendant's argument about hearing facts from Oswell's own attorney regarding the February 2006 conversations is unavailing as Gubernick (rather than Ercole and Collins) would be available to testify as a witness.  Also, to the extent either attorney is shown to possess unique evidence for trial, it is possible that disqualification may be avoidable through a stipulation of what that testimony would be.  Consequently, without more evidence as to Ercole's and Collins' necessity as witnesses,[3] the Court finds that their continuing as

---

[3]   Defendant is free to obtain further discovery of the relevant knowledge of Ercole and Collins in the disputed conversations with Defendants' counsel.  While Ercole and Collins are not disqualified under RPC 3.7, neither are they immunized from discovery of their relevant, non-privileged conversations bearing upon the substance of Oswell's claims.

counsel for Oswell will not violate RPC 3.7(a) and, therefore, the Court will not deprive Oswell of her choice of counsel.[4]

### C.   Disqualification from Pre-trial Matters

Defendant next argues that RPC 3.7 prevents Ercole and Collins from serving as Oswell's attorneys even in pre-trial matters.  Defendant cites cases from outside of this jurisdiction holding that "disqualification from pretrial matters may be appropriate . . . where that activity includes obtaining evidence which, if admitted at trial, would reveal the attorney's dual role [of witness and attorney]."  Lowe v. Experian, 328 F. Supp. 2d 1122, 1126 (D. Kan. 2004)(internal quotations omitted)(interpreting Kansas RPC 3.7 which contains identical language to New Jersey RPC 3.7); see also World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc., 866 F. Supp. 1297 (D. Colo. 1994).  Defendant argues that Ercole and Collins are likely to be necessary witnesses in both the Oswell and Resorts matters and their participation in depositions -- similar to as if they testified at trial and served as trial counsel -- is

---

[4]  Furthermore, Plaintiff has made her choice between having Ercole and Collins as her trial attorneys or as her trial witnesses.  In preserving their roles as her trial attorneys, Plaintiff has foregone the opportunity to adduce their presumably favorable trial testimony.  In the absence of their discovery depositions, the full contours of their prospective testimony is not presently known.  But upon the present record, the Court is satisfied that denial of disqualification does not confer either an undue advantage to Plaintiff or an unfair prejudice upon Defendant.

11

likely to create the potential for jury confusion that RPC 3.7 is designed to prevent.  In her opposition, Oswell argues that, under Main Events, Ercole and Collins should not be disqualified from pre-trial matters because RPC 3.7(a) is directed only at disqualifying counsel from serving as trial counsel.  See Main Events, 220 F. Supp. 2d at 356-57.

The Court agrees with Oswell.  In Main Events, Judge Debevoise specifically rejected the notion that RPC 3.7(a) also serves to disqualify an attorney from pre-trial proceedings, holding that "RPC 3.7(a) is a prohibition only against acting as an advocate at a trial," and "RPC 3.7 does not apply to pre-trial proceedings." Id. at 357 (internal quotations omitted).  Indeed, the court in Main Events stated:

> The analysis of RPC 3.7 in [Freeman v. Vicciarelli, 827 F. Supp. 300 (D.N.J. 1993)] is predicated on various New Jersey cases . . . which relied on older versions of the advocate witness rule found in the Disciplinary Rules of the Code of Professional Responsibility.
>
> \*       \*       \*       \*       \*
>
> RPC 3.7(a) is a prohibition only against acting as an "advocate at a trial . . . ."  The conclusion drawn in Freeman that RPC 3.7 applies to all pre-trial activity is at odds with the clear language of RPC 3.7.
> While there is no clear authority from the New Jersey Supreme Court regarding this issue, a number of other courts interpreting RPC 3.7 have concluded that an attorney who will testify at trial need not be disqualified from participating in pre-trial matters . . . . **This construction of RPC 3.7 not only is in accord with the plain language of the Rule, it also is consistent with its intent. The Rule is designed to prevent a situation in which at trial a lawyer acts as an attorney and as a witness, creating the danger that the**

**fact finder (particularly if it is a jury) may confuse what is testimony and what is argument, and otherwise creating an unseemly appearance <u>at</u> <u>trial</u>.** Limiting the disqualification to advocacy at trial achieves these objectives and at the same time respects a client's right to be represented generally by an attorney of his choice.

<u>Id.</u> 356-57 (emphasis added)(citations omitted).

Thus, this Court will adhere to plain language of RPC 3.7 and follow the holding of <u>Main Events</u> in concluding that Ercole and Collins can also participate in pre-trial matters. Regardless of whether Ercole and Collins are disqualified as trial counsel, Ercole and Collins should not be disqualified from pre-trial matters under New Jersey law interpreting RPC 3.7(a).

**III. <u>CONCLUSION</u>**

For the reasons set forth in this Opinion, this Court will deny Defendant's motion to disqualify Oswell's counsel as to Charles Ercole and Lynn Collins.  If circumstances change, this motion for disqualification may be renewed prior to the final pretrial conference.

The accompanying Order is entered.


<u>**August 22, 2007**</u>                        <u> **s/ Jerome B. Simandle**   </u>
Date                                    JEROME B. SIMANDLE
                                        United States District Judge

13